IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR BRENNAN MALLOY,          )
AIS #101329,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )          CASE NO. 2:18-CV-974-ECM
                                )
ALABAMA BD. OF PARDONS and      )
PAROLES, et al,                 )
                                )
          Defendants.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Arthur Brennan Malloy, a state inmate and frequent federal litigant.  In the instant complaint, Malloy complains that the Alabama Board of Pardons and Paroles and its members have failed to act on an application for a pardon based on his alleged innocence submitted in November of 2008.  Doc. 1 at 2–3.

### II.  DISCUSSION

Upon initiation of this case, Malloy filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Doc. 2.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court, the Eleventh Circuit Court of Appeals and the United States District Court for the District of Columbia establish that Malloy, while incarcerated or detained, has on at least five occasions had civil actions and an appeal dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted. The cases on which this court relies in finding a § 1915(g) violation by Malloy are: (1) *Malloy v. County of Montgomery, Alabama, et al.*, Case No. 2:18-CV-665-WKW (M.D. Ala. Sept. 24, 2018) (malicious); (2) *Malloy v. County of Montgomery, Alabama, et al.*, Case No. 2:15-CV-898-MHT (M.D. Ala. 2016) (failure to state a claim); (3) *Malloy v. County of Montgomery, Alabama, et al.*, Appeal No. 16-11398-A (11th Cir. 2016) (frivolous); (4) *Malloy v. Hobbs, et al.*, Case No. 1:90-CV-1497-SSH (D.C. 1990) (failure to state a claim); and (5) *Malloy v. Young, et al.*, Case No. 2:98-CV-981-MHT (M.D. Ala. 1998) (failure to state a claim).

As Malloy has three strikes, he may not proceed *in forma pauperis* in this case unless he was "under imminent danger of serious physical injury" at the time he filed the

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims dismissed prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

complaint.  28 U.S.C. § 1915(g).  In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013).

In addition, numerous district courts, including the United States District Court for the Southern District of Alabama and the United States District Court for the Northern District of Florida, have adopted the Second Circuit's determination "that § 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims plaintiff seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009); *May v. Barber*, 2016 WL 1735556, at *2 (S.D. Ala. Mar. 24, 2016) (finding that Plaintiff could not avail himself of the imminent danger exception to the § 1915(g) bar because he had more than three cases which qualified as strikes under § 1915(g) and failed to show both "that he face[d] an 'imminent danger of serious physical injury' at the time of filing his complaint . . . [and that] an adequate nexus . . . exist[ed] between the claims plaintiff [sought] to pursue and the imminent danger he allege[d].") (citing *Pettus*, 554 F.3d at 296); *Cole v. Ellis*, 2015 WL 6407205, at *1 (N.D. Fla. Sept. 3, 2015), Report and Recommendation adopted as opinion of the court, 2015 WL 6394506 (N.D. Fla. Oct. 22, 2015) (finding that, in addition to showing an imminent danger of serious physical injury, an inmate must also demonstrate "an adequate nexus between

the imminent danger alleged and the legal claims asserted in the prisoner's complaint" to meet the exception to application of § 1915(g)); *Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3rd Cir. 2014) (recognizing that to satisfy the imminent danger requirement of § 1915(g) a prisoner must demonstrate an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges) (citing *Pettus*, 554 F.3d at 296); *see also Stine v. Fed. Bureau of Prisons Designation and Sentence Computation Unit*, 571 F. App'x 353, 354 (5th Cir. 2014) (holding that Plaintiff could not proceed without payment of the filing fee because he failed to establish imminent danger arising from claims of inadequate protection by federal prison officials in Colorado and further noting he "also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his [pending] claims against BOP defendants in Texas[.]"); *Barber v. Krepp*, 680 F. App'x 819, 821 (11th Cir. 2017) (acknowledging that in *Pettus* "the Second Circuit has concluded that, in order to fall within the 'imminent danger' exception to § 1915(g), the prisoner must demonstrate a 'nexus' between the physical injury he fears and the claims in his complaint" but declining to decide "whether § 1915(g)'s 'imminent danger' exception requires proof of such a nexus" because, even if it does, a nexus existed between the assertion of imminent harm and the claim presented in the complaint).

In his complaint, Malloy presents claims attacking the constitutionality of inaction by the parole board and its members in addressing his request for a pardon submitted in November of 2008. This court has thoroughly reviewed Malloy's claims for relief and finds that these claims do not allege nor in any way indicate that Malloy was "under

imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" bar contained in 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Finally, if Malloy is required to show a nexus between the claims he now seeks to pursue and any potential danger attendant to the current conditions of his incarceration, he has failed to do so as the challenged lack of action is "much too attenuated from" such conditions to show imminent danger. *Pettus*, 554 F.3d at 296. Consequently, under the circumstances of this case, Malloy cannot avoid the "three strikes" bar contained in  28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Malloy's motion for leave to proceed *in forma pauperis* is due to be denied and this case summarily dismissed without prejudice as Malloy failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper

procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.    The motion for leave to proceed *in forma pauperis* filed by Arthur Brennan Malloy (Doc. 2) be DENIED.

2.    This case be dismissed without prejudice for Malloy's failure to pay the full filing fee upon the initiation of this case.

On or before **January 29, 2019**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R.

3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of January, 2019.


_____ /s/   Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE